

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATRICK HERZ, | 3:07-cv-00289-BES-RAM |
| Plaintiff, | |
| v. | **ORDER** |
| DYNAMAX CORPORATION, an Indiana corporation, | |
| Defendant. | |

Currently before the Court is Defendant Dynamax Corporation's ("Dynamax") Motion for Summary Judgment (#40) filed on April 9, 2008. Plaintiff Patrick Herz ("Plaintiff") filed an Opposition to Motion for Summary Judgment (#43) on May 2, 2008, and Dynamax filed a Reply and Motion to Dismiss for Failure to Join a Party (#44) on May 16, 2008.

**BACKGROUND**

This case involves a claim for breach of written warranty and breach of implied warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq. On November 1, 2004, Plaintiff purchased a new 2005 Dynamax Grandsport 350 SL Motor Home from McMahon RV of Irvine, California, for approximately $216,740. (Motion for Summary Judgment (#40) at 1). Dynamax manufactured the motor home and provided Plaintiff with a written warranty on it. (Opposition to Motion for Summary Judgment (#43) at 1). "Dynamax warranted that the motor home was free of all defects in materials and workmanship and if any defect was discovered within the warranty period, it would provide for repair of the motor home

1  free of charge." Id.

2      Plaintiff started to use the motor home for trips at the end of 2004. (Motion for Summary Judgment (#40) at 2). On July 18, 2005, Plaintiff sent a letter to Dynamax requesting reimbursement for warranty work performed on the motor home. Id. at Exhibit A. On October 20, 2006, Plaintiff wrote to Dynamax again seeking reimbursement for repairs bills on the motor home and providing Dynamax with a list of problems he had encountered with the motor home since its purchase. Id. at Exhibit B. This letter included a list of 22 problems, and stated that Plaintiff's frustration with the motor home was growing. According to Plaintiff's letter: "As soon as the present problem is fixed, a new one is discovered." Id. In addition, Plaintiff stated that he believed the "general workmanship from Dynamax on this coach is poor," and that he was convinced the he would be "facing major loss of structural integrity in the future." Id. In response to Plaintiff's letter, Dynamax arranged to have the motor home taken to the Dynamax factory in Indiana to be evaluated and repaired. Id. at 2. Prior to the evaluation, Plaintiff again wrote to Dynamax with a list of the problems he had with the motor home and requested that the factory technicians look at those specific areas. Id. at Exhibit C.

16     After being evaluated at the Dynamax factory, the motor home was returned to Plaintiff in December 2006. According to Dynamax, "[a]t the time the motor home was returned to Plaintiff, all the issues identified by Plaintiff were addressed and repaired where needed and the motor home was in good working order." Id. at 3. However, on January 10, 2007, Plaintiff filed a Complaint(#1) alleging breach of the written and implied warranties. According to the Complaint, the "motor home has defects, which substantially impair its use, value and safety." (Complaint (#1) at 2). As a result of these defects, Plaintiff's Complaint seeks damages including "the purchase price," as well as incidentals. Id.

24     Dynamax has now moved for summary judgment. (Motion for Summary Judgment (#40)). According to Dynamax, there "is no dispute that Dynamax provided a warranty in connection" with the purchase of the motor home. Id. at 3. However, Dynamax argues that such warranty does not provide for the remedy of revocation of acceptance. Id. In this regard, Dynamax states that Plaintiff is not entitled to the remedy of revocation of acceptance under

Nevada law because Plaintiff and Dynamax lack the requisite privity to bring such a claim. Id. at 5. Moreover, Dynamax asserts that any revocation of acceptance claim must fail because the motor home does not suffer from nonconformities that substantially impair its value. Id. at 6. Finally, Dynamax moves to dismiss the case based on a lack of subject matter jurisdiction because the Plaintiff's claims do not meet the $50,000 jurisdictional requirement of the MMWA.

## ANALYSIS

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. Lynn v. Sheet Metal Workers Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998).

Any dispute regarding a material issue of fact must be genuine—the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." Id. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial" and summary judgment is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978). The evidence must be significantly probative, and cannot be merely colorable. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**I. Revocation of Acceptance**

Dynamax has moved for summary judgment on Plaintiff's claim for revocation of acceptance.[1] According to Dynamax, "[e]ven though Plaintiff may have a claim against Dynamax under theories of either express or implied warranty, there is no basis to authorize the requested revocation of acceptance against Dynamax because there is no privity." (Reply (#44) at 2). Dynamax asserts that in order to recover under a claim of revocation of acceptance there must be privity of contract. Specifically, Dynamax argues that a buyer can only assert such a claim against a seller, and not a manufacturer like Dynamax. In addition, Dynamax asserts that Plaintiff is not entitled to assert a claim for revocation of acceptance because the motor home did not suffer from nonconformities that substantially impaired its value. Id. at 8. Although Dynamax concedes that such a determination is usually a question of fact, it asserts that summary judgment is appropriate in this case because all of the alleged deficiencies in the motor home "have been either repaired or can be repaired at minimal cost." Id. at 8.

In response, Plaintiff notes that he is suing Dynamax for breach of the express and implied warranties pursuant to the Magnuson-Moss Warranty Act. (Opposition to Motion for Summary Judgment (#43) at 4). According to Plaintiff, Dynamax is not entitled to summary judgment on the claims asserted against it because lack of privity is not a defense to claims for breach of warranty. Id. Plaintiff also argues that there is a genuine issue of fact as to whether the motor home is substantially impaired. Id. at 7. Moreover, Plaintiff states that because the motor home is substantially impaired, he is entitled to the remedy of revocation of acceptance. Id. at 7.

Under NRS 104.2608, a "buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him" if he has accepted it on "the

---

[1] Plaintiff's complaint alleges a claim for breach of written warranty and breach of implied warranty. Dynamax has not moved for summary judgment on either of these claims. Plaintiff did not assert a separate cause of action for revocation of acceptance. However, Plaintiff asserted a claim for damages in the form of the "purchase price" of the motor home, and argues in its opposition that it is entitled to the remedy of revocation of acceptance. As such, the Court will consider Dynamax's motion as one for partial summary judgment on the remedy of revocation of acceptance.

reasonable assumption that its nonconformity would be cured and it has not been seasonably cured," or without "discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances." NRS 104.2608(1). The statute further states that: "Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it. . . ." NRS 104.2608(2). Nevada law defines the term "buyer" as used in NRS 104.2608 as "a person who buys or contracts to buy goods." NRS 104.2103(1)(a). A "seller," on the other hand, is defined as "a person who sells or contracts to sell goods." NRS 104.2103(1)(c).

The Nevada Supreme Court has never addressed the issue of whether privity of contract is required to claim revocation against a manufacturer. However, the majority of courts which have addressed the issue have "concluded that these remedies are not available in the absence of privity." Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A., 459 F.Supp.2d 1028, 1038 (D. Hawai'i 2006); see generally Voytovich v. Bangor Punta Operations, Inc., 494 F.2d 1208, 1211 (6th Cir. 1974)(stating "we have been unable to find any case allowing a purchaser to rescind a sale against a manufacturer for breach of express warranty" and that in such a circumstance "there must be a buyer-seller relationship"); Fredrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1200 (N.D.Ga. 2005)(holding that "revocation of a sale requires privity of contract and thus can be asserted only against a seller"); AG Connection Sales, Inc. v. Greene County Motor Co., 2008 WL 4329941 *5 (D.Kan. 2008)(concluding that Kansas law "would find that contractual privity is required for revocation"). At least one court has explained the policy behind the majority rule: "Revocation of acceptance has the effect of returning the buyer and seller to positions they were in before the transaction; allowing a buyer to pursue this remedy against the manufacturer, rather than the seller, does not achieve this result." Gilbert v. Monaco Coach Corp., 352 F.Supp.2d 1323, 1335 (N.D. Ga. 2004). According to that court, "[i]f revocation of acceptance is the remedy plaintiffs ultimately desired, then they needed to file suit against the seller, the party with whom they are in privity." Id.

Based on the foregoing, the Court concludes that Nevada law would hold that contractual privity is required for revocation. NRS 104.2608 provides for revocation of

acceptance by a buyer against a seller. NRS 104.2608(2)(noting that revocations is not effective until the buyer notifies the seller of it); see also Waddell v. L.V.R.V., Inc., 122 Nev. 15, 125 P.3d 1160 (Nev. 2006) (applying the remedy of revocation of acceptance against a seller and stating that a "seller of nonconforming goods must generally receive an opportunity to cure the nonconformity before the buyer may revoke his acceptance"). By using the term "seller," Nevada's revocation of acceptance statute is in line with the majority rule. Moreover, the Court finds the policy behind that rule persuasive. The seller in this case was McMahon's RV in Irvine, California. Dynamax did not sell the motor home to Plaintiff. As such, allowing revocation of acceptance against Dynamax would not accomplish the policy behind the majority rule of returning the buyer and seller to the position they were in before the transaction. Thus, the Court finds that Dynamax is entitled to summary judgment on any claim by Plaintiff for revocation of acceptance.[2]

## II. Subject Matter Jurisdiction

In its Motion for Summary Judgment, Dynamax asserts that Plaintiff's MMWA claims should be dismissed for lack of subject matter jurisdiction. According to Dynamax, the breach of warranty claims "are wholly insufficient to meet the minimum $50,000 jurisdiction requirement," because "the warranty claims only include claims for repairs to the exterior compartment doors and door stop / door gasket which total $1,300." (Motion for Summary Judgment (#40) at 12). Plaintiff, on the other hand, asserts that his breach of warranty claims exceed the jurisdictional requirement because he paid approximately $215,740 for the motor home and he is seeking damages for the "purchase price and incidental damages." (Opposition to Motion for Summary Judgment (#43) at 14).

The MMWA provides a private right of action for a consumer "who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any . . . written warranty,

---

[2] By granting summary judgment on the revocation of acceptance claim, the Court is not holding that privity of contract is necessary under Nevada law to bring a claim for breach of express or implied warranty. In fact, the Nevada Supreme Court has stated that "lack of privity between the buyer and manufacturer does not preclude an action against the manufacturer for the recovery of economic losses caused by breach of warranties." Hiles Co. v. Johnston Pump Co., 93 Nev. 73, 79, 560 P.2d 154, 157 (Nev. 1977). Although Plaintiff is not entitled to the remedy of revocation of acceptance under NRS 104.2608, he may still be entitled to damages from any alleged breach of warranty.

implied warranty, or service contract." 15 U.S.C. § 2310(d); see also Milicevic v. Fletcher Jones Imp., Ltd., 402 F.3d 912, 918 (9th Cir. 2005)(expressly stating that the MMWA "creates a private cause of action for a warrantor's failure to comply with the terms of a written warranty"). The statute further provides that the consumer can bring such cause of action "for damages and other legal and equitable relief" in "any court of competent jurisdiction in any State or the District of Columbia." 15 U.S.C. § 2310(d)(1). However, the statute also contains a jurisdictional requirement regarding the amount in controversy. Specifically, the statute states that no "claim shall be cognizable in a suit" if "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined" in the suit. 15 U.S.C. § 2310(d)(3)(B).

According to the Ninth Circuit, when determining the amount in controversy in a MMWA claim, "we look no farther than the pleadings to determine the amount in controversy unless 'from the face of the pleadings, it is apparent, to a legal certainty, that a plaintiff cannot recover the amount claimed.'" Kelly v. Fleetwood Enter., Inc., 377 F.3d 1034, 1037 (9th Cir. 2004)(quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). "If it appears to a legal certainty that the claim cannot meet the statutory threshold, the suit should be dismissed for lack of jurisdiction." Id. (internal citations and quotations omitted).

In this matter, Plaintiff has asserted two claims under the MMWA: (1) breach of written warranty, and (2) breach of implied warranty. According to Plaintiff's Complaint, his damages "include the purchase price" of the motor home, as well as incidental damages. Dynamax concedes that Plaintiff bought the motor home for approximately $215,740. As a result, based on the face of the Complaint, Plaintiff has satisfied the jurisdictional requirement. In addition, even though Plaintiff is not entitled to the remedy of revocation of acceptance, it is not apparent from the pleadings that Plaintiff will not be able to recover the amount claimed. Plaintiff has provided evidence of substantial and continuing defects in the motor home. Based on this, the Court cannot say with legal certainty that the amount in controversy is less than $50,000. As such, Dynamax's motion to dismiss based on lack of subject matter jurisdiction is denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Dynamax's Motion for Summary Judgment (#40) is GRANTED in part and DENIED in part. Dynamax is entitled to summary judgment on Plaintiff's revocation of acceptance claim. Dynamax is not entitled to summary judgment on Plaintiff's claims for breach of warranty.

Dated this 12th day of February, 2009.

_____
United States District Judge