Mark F. Anderson (SBN 44787)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
mark@kabolaw.com

Attorneys for Patrick Herz

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PATRICK HERZ,

    Plaintiff,

v.

DYNAMAX CORPORATION,

    Defendant.

Case No. 3:07-cv-00289-BES-RAM

**JOINT PRETRIAL ORDER**

Following pretrial proceedings in this cause,

IT IS ORDERED:

**I.**    **Nature of Action.** This is an action for breach of warranty brought pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* against defendant Dynamax Corporation ("Dynamax"), the manufacturer of a 2005 Grand Sport motor home that plaintiff Patrick Herz purchased on November 1, 2004. Herz paid $216,740 for the motor home.

Dynamax provided plaintiff a written warranty on the motor home in effect for 3 years or 36,000 miles. By operation of law Dynamax also provided plaintiff an implied warranty on the motor home.

Herz alleges that Dynamax was unable to conform the motor home to the express warranty

Case 3:07-cv-00289-BES-RAM   Document 49   Filed 03/16/09   Page 2 of 10

make it merchantable by repairing its defects. The defects in the motor home have been the subject of repair by Dynamax authorized repair facilities, including Safari Stores in Reno, and Sweet's Mobile RV Service. In addition, defendant Dynamax attempted repairs on the motor home at its factory service center in Indiana from November 19, 2006, to December 15, 2006.

Herz alleges that the motor home continues to have unresolved defects that substantially impair the value of the motor home. Dynamax denies the motor home has defects or that there are defects that substantially impair the motor home.

Herz initially sought return of the purchase price and incidental damages in exchange for clear title to the motor home. On February 12, 2009, the Court ruled that Herz could not revoke acceptance of acceptance because plaintiff was not in privity with Dynamax. At the same time, the Court stated that plaintiff's claim for damages based on an alleged breach of express or implied warranty may go forward. Herz' damage claim is based on "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted" pursuant to NRS 104.2714 and incidental and consequential damages pursuant to NRS 104.2715.

II.     **Statement of Jurisdiction.** On February 12, 2009, this Court ruled that it has jurisdiction since the amount in controversy exceeds $50,000.

III.    **Facts Admitted by the Parties.** The following facts are admitted by the parties and require no further proof:

    A. Plaintiff Patrick Herz purchased the Dynamax Grand Sport motor home from McMahon's RV, Irvine, California on November 1, 2004.

    B. Herz paid $216,740 for the motor home.

    C. Dynamax provided plaintiff a written warranty on the motor home in effect for 3 years or 36,000 miles.

D. Dynamax is the manufacturer of the motor home. The express warranty provided by Dynamax does not cover the entire motor home, portions of which are expressly warranted by other manufacturers.

E. Warranty repairs were made or attempted by Sweet's Mobile RV Service and Safari Stores, Reno, Nevada after having been authorized to do so by Dynamax;

F. In November 2006, Dynamax arranged for transportation of the motor home to its factory service center in Elkhart, IN for warranty repairs. The motor home arrived at the service center on November 19, 2006, and remained there 26 days.

G. There were 2,519 miles on the odometer of the motor home at the time it was delivered new to Herz.

### IV. Facts Not Admitted but that Will not be Contested at Trial:

The parties agree that the repair history of the motor home may be summarized as follows, but the parties agree this may not be a complete repair history:

| Date In | Days | Owner Complaints/Dealer Comments |
|---|---|---|
| 6/13/05<br>Sweet's Mobile RV Service | | Genset won't start by T-stat, traced to no power to control |
| 7/15/05<br>Sweet's Mobile RV Service | | Electrical problems |
| 9/20/05<br>Sweet's Mobile RV Service | | Check slide for operation |
| 10/2/06<br>RO 3618<br>Safari Stores, Reno, NV | | Bedroom slide-out binds and trips breakers<br>Refasten … kitchen slide-out<br>Work on bedroom slide-out |
| 11/19/06<br>Dynamax factory service center | 26 days | See list above |

The parties agree that plaintiff gave Dynamax notice that the motor home had certain alleged defects before this lawsuit was filed.

V.   **Contested Factual Issues to be Tried:**

**Plaintiff's Issues of Fact:**

1. Whether defects in the motor home substantially impair is use or value;
2. Whether Dynamax was given a reasonable opportunity to repair the motor home;
3. Whether Dynamax breached its express, written warranty;
4. Whether Dynamax breached the implied warranty of merchantability;
5. Whether the Dynamax written warranty failed of its essential purpose;
6. Whether Herz has been damaged; and
7. The amount of Herz' damages.

**Defendant's Issues of Fact:**

8. Whether Plaintiff altered the Motor Home thereby causing the alleged defects or voiding the warranties;
9. Whether the Motor Home was damaged while in the custody or control of Plaintiff thereby causing the alleged defects or voiding the warranties;
10. Whether Plaintiff misused the Motor Home or used it in an unauthorized manner causing the alleged defects or voiding the warranties;
11. Whether the alleged defects have been repaired or resolved and, for those alleged defects not resolved, the costs to remedy or repair;
12. Whether Plaintiff provided Dynamax reasonable opportunity to make repairs to, remedy the alleged defects, or cure the alleged breaches of warranty;
13. The cost to repair the unrepaired defects, if any, attributable to Dynamax;
14. The diminution in value of the Motor Home resulting from the unrepaired defects, if any, attributable to Dynamax;
15. Whether Plaintiff failed to mitigate his damages.

///

VI.     **Issues of Law to be Tried and Determined at Trial:**

**Plaintiff's Issues of Law:**

1. Whether Dynamax provided plaintiff an implied warranty of merchantability by operation of law.
2. The instructions concerning liability issues that are to be given to the jury.
3. The instructions concerning the measures of damages to be given to the jury.

**Defendant's Issues of Law:**

4. Whether the problems with the RV alleged by Plaintiff are actual defects;
5. The extent to which the express or implied warranties apply to the defects in the Motor Home, if any are found, and thereby obligate Dynamax to be responsible for repairs of those defects;
6. Whether Plaintiff's breach of warranty claims exceed the minimum $50,000 jurisdictional requirement;
7. That Plaintiff's damages, if any, are limited by the express warranty;
8. Whether the defects, if any are found, are covered by the warranty provided by Dynamax and the extent of Dynamax's obligation to repair or pay for repairs;
9. Whether the defects, if any are found, are subject to the alleged warranties provided by other manufacturers of portions of the Motor Home and not the responsibility of Dynamax;
10. Whether Plaintiff provided Dynamax reasonable opportunity to make repairs to, remedy the alleged defects, or cure the alleged breaches of warranty;
11. Whether damages found for Plaintiff, if any, shall be offset by Plaintiff's use of the Motor Home and the value and benefit thereof; and
12. Whether Plaintiff is entitled to incidental and consequential damages.

///
///

VII. **Exhibits.**

    **a.** The following exhibits are stipulated into evidence and may be marked by the clerk:

        **i. Plaintiff's exhibits:**

1. Photographs produced by plaintiff's expert Michael Eidsmoe;
2. Photographs produced by defense expert Fribley;
3. Dynamax brochure, one page with a picture of the motor home entitled "Grand Sport" (front and back);
4. Dynamax Warranty Procedures and Instructions, DYN 0001-221;
5. Dynamax file on Herz' motor home, including emails and letterers, DYN 0055-0291;
6. Dynamax Grand Sport M2 Owner's Manual, DYN 0292-449;
7. Correspondence (letters and emails) between plaintiff and Dynamax dated from 6/3/05 to 12/21/06 (first page is Bates stamped 61) (87 pages);
8. Telephone messages (first page is Bates stamped 145) (13 pages);
9. HWH Information Bulletin dated 5/4/05 concerning Jack Retraction Time (one page);
10. Set of Safari, Sweet's Mobile, and Reno – Sparks RV repair orders (15 pages);
11. Copies of the purchase contract, receipt for use taxes paid, DMV license fee, insurance declaration pages, receipt for hitch, Safari Stores receipt for after-market equipment dated 11/29/04, solar panels work order from Sweet's Mobile Service, Les Schwab receipt for after-market equipment, receipt for JC's Car Audio after market equipment, and the Dynamax written warranty.

        **ii. Defendant's exhibits:**

1. Report and photographs produced by Thomas Fribley;
2. Report produced by Heber Hernandez;

3. Report and photographs produced by Michael Eidsmoe;

4. Dynamax Warranty Procedure and Instructions, DYN 0001-220;

5. Dynamax file documents and correspondences regarding Herz' Motor Home, including emails and letters, 000001-000173, DYN 0055-0220, DYN 0222-291, DYN 0450-460;

6. Dynamax Grand Sport MS Owner's Manual, DYN 0292-449.

    b. **Additional Stipulations as to Exhibits:**

        None at this time

    c. **Exhibits to which a Party Objects:**

        i. **Plaintiff's Objections:**

            None at this time

        ii. **Defendant's Objections:**

            None at this time

    d. **Depositions:**

        i. **Plaintiff May Offer the following depositions:** None.

        ii. **Defendant May Offer the following depositions:**

            1. Heber Hernandez

            2. Dan Johnston

            3. Thomas Wayne Fribley

            4. Patrick Herz

            5. Jennifer Herz

            6. Michael Eidsmoe

**VIII. Witnesses who May Be Called:**

    a. **Plaintiff's Witnesses:** Patrick Herz; Jennifer Herz; Michael Eidsmoe; Rod

Coleman, former service manager at Safari Stores, Reno; Mark Sweet dba Sweet's Mobile RV Service. Plaintiff may also call an additional expert witness if the Court grants his motion to add an expert witness on value of the motor home.

    **b. Defendant's Witnesses:**

        DeWayne Creighton
        President, Dynamax Corp.
        2745 Northland Drive
        Elkhart, IN 46515

        Dan Johnston
        Warranty Manager, Dynamax Corp.
        2745 Northland Drive
        Elkhart, IN 46515

        Thomas Wayne Fribley
        58194 Andrew Drive
        Goshen, IN 46528

        Paul F. Maddox
        Technical Sales Representative
        HWH Corporation
        2096 Moscow Road
        Moscow, IA 52760

        Heber Hernandez
        Liftco
        24076 Reedy Drive
        Elkhart, IN 46514

        Michael Eidsmoe
        RV Resolve
        1067 Rosita Road
        Del Rey Oaks, CA 93940

        Patrick Herz
        c/o Mark F. Anderson
        Kemnitzer, Anderson, Barron, Ogilvie, & Brewer LLP
        445 Bush Street, 6th Floor
        San Francisco, CA 94108

///

Jennifer Herz
c/o Mark F. Anderson
Kemnitzer, Anderson, Barron, Ogilvie, & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA  94108

IX. **Counsel have met and herewith submit a list of three (3) agreed-upon trial dates:** November 10, 2009; November 17, 2009; and December 1, 2009.

X. **Trial Estimate:** 5 days.

Approved as to form and content:

KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP

By: /s/ Mark F. Anderson     3/16/09
Mark F. Anderson

WOODBURN & WEDGE

By /s/ Michael W. Keane
Michael W. Keane

XI. **Action by the Court.**

(a) This case is set down for jury trial on the stacked calendar on _____. The calendar call shall be on _____.

(b) An original and two (2) copies of the trial brief shall be submitted to the clerk on or before _____.

(c) An original and two (2) copies of all jury instructions shall be submitted to the clerk for filing on or before _____. An original and two (2) copies of all suggested questions of the parties to be asked of the jury panel by the court on *voir dire* shall be submitted to the clerk for filing on or before _____.

The foregoing pretrial order has been approved by the parties to this action evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated: March ____, 2009.

_____
United States District Judge